

DISTRICT ARK.
FILED
JUN 1 9 2006
CHRIS R. JOHNSON, C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**JAMES LLOYD**                                                                **PLAINTIFF**

**VS**                              NO. _06.CV.1068_

**GEORGIA-PACIFIC CORPORATION**                                  **DEFENDANT**

## COMPLAINT

James Lloyd, Plaintiff, for his Complaint against Georgia-Pacific Corporation, Defendant, states:

### I. JURSIDICTION AND VENUE

1.     This is an action authorized and instituted under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e to 2000e-17 ("Title VII"). This Court has jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 2000e-5(f)(3). Most of the actions relevant to this Complaint occurred in the State of Arkansas, specifically, in Crossett, Arkansas, where the Plaintiff was employed by the Defendant.

### II. NATURE OF PROCEEDING

2.     This is a proceeding for: (a) back pay; (b) forward pay; (c) liquidated damages; (d) punitive damages and compensatory damages; (e) attorney's fees; (f) suit costs; (g) an injunction against further violations of the Civil Rights Act, and (h) other relief to which Plaintiff is entitled.

### III. PARTIES

3.     Plaintiff, James Lloyd, an African American man, is a citizen and resident of Farmerville, Union Parish, Louisiana.

4.   Defendant, Georgia-Pacific Corporation, is a foreign corporation that conducts business in Ashley County, Arkansas.

5.   At all times referred to in this Complaint, the Defendant, Georgia-Pacific Corporation, employed one hundred (100) or more employees and has been an employer within the meaning of Title VII.

### IV. ADMINISTRATIVE PREREQUISITES

6.   In January of 2006, the Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging Georgia-Pacific with discriminating against the Plaintiff on the basis of his race, African American, by knowingly committing and/or tolerating illegal acts of racial discrimination resulting in his subsequent loss of employment.

7.   Plaintiff filed his charge of discrimination within 180 days of the discriminatory employment practice described in this Complaint.

8.   On or about April 28, 2006, a right-to-sue letter was signed by the EEOC and placed in the mail. (Exhibit A)

### V. FACTS

9.   James Lloyd worked for Georgia-Pacific from 1997 until his termination on January 19, 2006. He had worked up to the position of Supervisor when he was terminated.

10.   Lloyd was given worse job assignments than white Supervisors, and he was paid less than white employees with similar positions and experience.  There were numerous other instances at Georgia-Pacific where white employees were treated more favorably than African American employees in job placement, work requirements and pay.

11.   Lloyd complained to his supervisors and human resource personnel that he felt discriminated against, and that others of his race were discriminated against.  These complaints

were ignored, and Georgia-Pacific failed to follow its policies requiring investigation and resolution of these complaints.

12.     On January 19, 2006, Lloyd was terminated under false pretenses for failing to disclose an expunged and pardoned criminal conviction on his job application. Georgia-Pacific had full knowledge of the conviction and the expungement at the time Lloyd was hired in 1997.

13.     Lloyd was meeting the legitimate expectations of Georgia-Pacific at the time he was terminated. He can establish a prima facie case of discrimination through the facts stated above. Further, Lloyd was retaliated against by Georgia-Pacific for making complaints of racial discrimination.

14.     James Lloyd at all material times proved his industriousness, presented and represented himself in an orderly and respectful manner, and commanded and continues to command the respect of his fellow employees. Additionally, Lloyd demonstrated his capacity and ability to perform all job tasks to which he was assigned.

## VI. FIRST COUNT

### *Title VII of the Civil Rights Act of 1964*

15.     Georgia-Pacific Corporation terminated Lloyd because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e to 2000e-17.

16.     Georgia-Pacific's termination of Lloyd was intentional and willful in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e to 2000e-17.

## VII. SECOND COUNT

### *Retaliation*

17.     Georgia-Pacific retaliated against James Lloyd for complaining about race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e to 2000e-17.

18.     Georgia-Pacific had knowledge of the race discrimination, took no corrective measures, and in fact terminated Lloyd for complaining of it.

## VIII. THIRD COUNT

### *Arkansas Civil Rights Act of 1993*

19.     James Lloyd was discharged by Georgia-Pacific because of his race in violation of Ark. Code Ann. § 16-123-107. He was also terminated in retaliation for complaining of race discrimination.

20.     Georgia-Pacific's termination of James Lloyd was intentional and willful and in violation of Ark. Code Ann. § 16-123-107.

## IX. DAMAGES

21.     The Plaintiff has been damaged by the intentional acts of discrimination by the Defendant and by the wrongful termination. His damages include:

A.     Lost wages, lost benefits, including all fringe benefits to which he would have been entitled had his employment with Defendant not been interrupted;

B.     Compensatory damages for the humiliation, damage to his reputation, mental and emotional distress and pain and suffering he has experienced and endured as a result of the discriminatory actions of the Defendant towards him;

C.     Plaintiff is entitled to punitive damages against the Defendant due to its intentional acts;

D.     Pre-judgment and post-judgment interest on all damages awarded to the maximum extent allowed by law; and

E.     Reasonable costs and attorney's fees incurred as a result of this action.

## X. VICARIOUS LIABILITY

22.     Lloyd's supervisors and co-workers were acting within the course and scope of their employment with the Defendant, Georgia-Pacific, when these actions occurred. Georgia-Pacific is vicariously liable for its employees' intentional acts of discrimination and the wrongful termination.

WHEREFORE, Plaintiff respectfully asks that this court:

(1)     accept jurisdiction of this case;

(2)     that this Court issue an injunction directing and enjoining the Defendant from further violating Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

(3)     grant Plaintiff a trial by jury on all issues;

(4)     declare that Plaintiff has suffered acts of discrimination at the hands of Defendant based on his race;

(5)     declare that Plaintiff was wrongfully terminated from his employment with the Defendant;

(6)     award Plaintiff compensation for loss of salary and other benefits including all fringe benefits to which he would have been entitled had his employment with Defendant not been interrupted; such damages are in excess of that required for federal jurisdiction;

(7)     award Plaintiff compensatory damages for the humiliation, damage to his reputation, mental and emotional distress and pain and suffering that he has experienced and

endured as a result of the discriminatory actions of Defendant towards him; such damages are in excess of the amount required for federal jurisdiction;

(8)     grant Plaintiff punitive damages against Defendant; such damages are in excess of the amount required for federal jurisdiction;

(9)     grant Plaintiff pre-judgment and post-judgment interest on all damages awarded to the maximum extent allowed by law;

(10)    grant Plaintiff his reasonable costs and attorney's fees; and

(11)    grant such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

Cathleen V. Compton, 85031
114 South Pulaski Street
Little Rock, AR  72201
(501) 372-0080

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: James Lloyd
1108 Camp Road
Farmerville, LA 71241

From: Little Rock Area Office - 493
820 Louisiana
Suite 200
Little Rock, AR 72201

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2005-00089 | Mckinzie L. Riley, Investigator | (501) 324-5469 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed __WITHIN 90 DAYS__ of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred __more than 2 years (3 years)__ before you file suit may not be collectible.

On behalf of the Commission

_Wanda C. Milton_

APR 2 8 2006

Enclosures(s)

Wanda C. Milton,
Acting Director

(Date Mailed)

cc: Danny W. Wallace
Region HR Manager
Lumber Division
GEORGIA PACIFIC
5389 Junction City Hwy
PO Box 1811
El Dorado, AR 71730



Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    —    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*